IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GARY E. PEEL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 12-CV-275-WDS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Petitioner Gary E. Peel was convicted after a jury trial in this Court of bankruptcy fraud, obstruction of justice, and possession of child pornography (Doc. 183, Case No. 06-CR-30049-WDS). On appeal, the Seventh Circuit reversed in part and remanded for resentencing. *See United States v. Peel* (*Peel I*), 595 F.3d 763 (7th Cir. 2010), *cert. denied*, 131 S. Ct. 994 (2011). On remand, this Court dismissed the obstruction-of-justice conviction, recalculated the intended loss, redetermined the guidelines sentencing range, and resentenced petitioner, under 18 U.S.C. § 3553(a), to 144 months in prison (consecutive sentences of 24 months for bankruptcy fraud and 120 months for possession of child pornography[1]). The Seventh Circuit affirmed. *See United States v. Peel* (*Peel II*), 668 F.3d 506 (7th Cir. 2012). Petitioner has now filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. 1) and a motion to disqualify the undersigned district judge from participating in all proceedings involved (Doc. 2).[2] The Court now addresses the motion to disqualify.

---

[1] The 120 months is for two counts of possession of child pornography running concurrently.
[2] Petitioner filed a prior motion under § 2255, which the Court dismissed without prejudice as premature (Doc. 6, No. 11-CV-660-WDS).

**I. ARGUMENTS**

Generally, the judge who conducted a defendant's trial and imposed the sentence will also examine any motion under § 2255. Rule 4 of the *Rules Governing Section 2255 Proceedings for the United States District Courts*. The Advisory Committee Notes to Rule 4, however, state: "There is a procedure by which the movant can have a judge other than the trial judge decide his motion … . He can file an affidavit alleging bias in order to disqualify the trial judge." An affidavit is included here with petitioner's motion, arguing that the undersigned judge should be disqualified because he has pre-judged the merits of petitioner's motion under § 2255 or demonstrated personal bias or prejudice against petitioner. As a result of the alleged bias, petitioner believes it will be difficult "if not impossible" for the judge to objectively conduct a preliminary review or evidentiary hearing on petitioner's § 2255 motion.

Petitioner believes his trial counsel should have raised a statutory affirmative defense and certain constitutional challenges on his behalf, among other deficiencies. So, after the jury convicted him, he wanted to file a § 2255 motion arguing ineffective assistance of counsel. Petitioner now complains that, during the hearing to discuss that motion, the judge "sua sponte volunteered his opinion" that petitioner's trial counsel "were performing a credible job in representing [petitioner's] interests."[3]

Petitioner also makes several claims premised on the assertion that his former sister-in-law, who was sixteen when he had an affair with her and took nude photographs of her in 1974, was legally an adult at the time.[4] He argues that the judge took judicial notice that petitioner's affair was legal at the time, yet directed the jury to disregard that fact. He further argues that his sister-in-law's being an adult should have justified a downward de-

---

[3] Petitioner did not include a reference to the hearing transcript. The Court assumes his complaint is true for purposes of this motion.
[4] The child-pornography statute under which petitioner was convicted did not include sixteen-year-olds as minors until 1984, ten years after petitioner took the photographs at issue in his case. Child Protection Act of 1984, Pub. L. No. 98-292, § 5(a)(1), 98 Stat. 204. Petitioner was charged with two counts of possession of child pornography in 2006 (Doc. 183, Case No. 06-CR-30049-WDS).

2

parture in his sentence. Petitioner also faults this judge for allowing the sister-in-law to submit victim-impact statements at both sentencings. He adds that the sentence imposed on him was "disproportionately greater" than sentences imposed on defendants in child-pornography cases who had used actual children at the time of production. Finally, petitioner believes the congressional justification for the child-pornography statute, 18 U.S.C. § 2252A—to protect children from abuse and exploitation—does not apply to him and, consequently, the judge should have given him a downward departure in his sentence. With respect to the above arguments, the Court notes in passing that petitioner has already argued on appeal that the photographs he took were not illegal when they were made and that the child-pornography statute should not apply to him. Nonetheless, his convictions were upheld, *see Peel I*, 595 F.3d at 769–71, and the Supreme Court denied a petition for writ of certiorari, *see Peel v. United States*, 131 S. Ct. 994 (2011).

Other claims pertain to sentencing errors. He alleges that, at his first sentencing, the judge used a method to determine "retail value" that had not been approved by the U.S. Sentencing Guidelines, statute, or case law, and increased petitioner's offense level more than the 5-level maximum under U.S.S.G. § 2G2.2(b)(3)(A).[5] He alleges that the judge enhanced his sentence based on judicial findings that petitioner had distributed child pornography[6] and used special skills, even though those facts had not been established either by the jury, the indictment, a guilty plea, or a prior conviction. At the second sentencing, he alleges, the judge changed petitioner's sentences to run consecutively instead of concurrently, even though one count had been dismissed and the pecuniary-gain enhancement had

---

[5] On petitioner's first appeal, the Seventh Circuit upheld application of § 2G2.2(b)(3)(A), distribution for pecuniary gain, to petitioner's blackmail attempt against his former wife. It simultaneously upheld this Court's use of the amount of money petitioner hoped to gain from the blackmail attempt as his expected pecuniary gain. *See Peel I*, 595 F.3d at 774 ("[T]he use of pornography for blackmail is not obviously less bad conduct than the sale of pornography in the market."). Petitioner made the same argument on his second appeal, and the Seventh Circuit again rejected it. *See Peel II*, 668 F.3d at 509–10.

[6] Petitioner's distribution of child pornography under § 2G2.2(b)(3)(A) was affirmed in his first appeal. *See Peel I*, 595 F.3d at 774.

since been lowered to less than $1,000,000.[7] Finally, in petitioner's first sentencing, the judge did not recommend a camp for correctional placement; this, petitioner contends, caused the Bureau of Prisons to *disregard* the judge's camp recommendation in the second sentencing.

Petitioner asserts an evidentiary error as well. He claims the judge permitted a witness to testify under the business-records exception to hearsay, over petitioner's objection, even though the witness had no personal knowledge, was not the custodian of records (and no records were offered), was not tendered as an expert, and even though the business-records exception only applies to documentary evidence, not testimonial.

Petitioner believes evidence of bias is shown by the judge's order on December 7, 2011, which dismissed petitioner's previous § 2255 motion to disqualify despite the restrictions of 28 U.S.C. § 144 and the Advisory Committee Notes to Rule 4 of the *Rules Governing Section 2255 Proceedings for the United States District Courts* (Doc. 6, Case No. 11-CV-660-WDS).

Lastly, petitioner says he has filed two complaints of misconduct against this judge, one with the Southern District of Illinois and one with the Judicial Council of the Seventh Circuit. He contends that the mere act of filing these complaints gives the judge motivation to demonstrate bias and prejudice in adverse rulings on petitioner's § 2255 motion.

## II. DISCUSSION

Two main federal statutes govern recusal. The first statute, 28 U.S.C. § 144, permits a party to move for the judge's recusal:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a *personal bias or prejudice* either against him or in favor of any adverse party,

---

[7] The court of appeals has upheld the new sentence, taking these points into account. *See Peel II*, 668 F.3d at 507–08.

4

> such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard … . A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144 (emphasis added). Recusal under § 144 is mandatory when the party submits a timely and sufficient affidavit and the party's counsel presents a certificate stating that the affidavit is made in good faith. *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993); *United States v. Balistrieri*, 779 F.2d 1191, 1199–1200 (7th Cir. 1985). When such an affidavit is filed, the court *must* assume the truth of its factual assertions. *Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 718 (7th Cir. 2004); *Sykes*, 7 F.3d at 1339. Even so, the factual assertions must be "sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions, or rumors are insufficient." *Sykes*, 7 F.3d at 1339; *accord Hoffman*, 368 F.3d at 718. Further, the affidavit must show "'that the bias is personal rather than judicial, and that it stems from an extrajudicial source—some source other than what the judge has learned through participation in the case.'" *Sykes*, 7 F.3d at 1339 (quoting *Balistrieri*, 779 F.2d at 1199). Unlike a motion to recuse under § 455(a), which simply requires the reasonable appearance of bias, a motion to disqualify under § 144 requires a showing of actual bias. *Hoffman*, 368 F.3d at 718; *see also Balistrieri*, 779 F.2d at 1201. Actual bias means "personal animus or malice on the part of the judge." *Hoffman*, 368 F.3d at 718; *Tezak v. United States*, 256 F.3d 702, 718 (7th Cir. 2001). Section 144 is heavily weighed in favor of recusal; therefore, its requirements must be construed strictly to prevent abuse. *Sykes*, 7 F.3d at 1339; *Balistrieri*, 779 F.2d at 1199.

The second statute, 28 U.S.C. § 455, may be invoked either by motion or by the judge *sua sponte*. Section (a) requires the judge to "disqualify himself in any proceeding in

which his impartiality might reasonably be questioned." § 455(a). This section is "'directed against the appearance of partiality, whether or not the judge is actually biased.'" *In re United States*, 572 F.3d 301, 312 (7th Cir. 2009) (quoting *Balistrieri*, 779 F.2d at 1204). It is an *objective* standard. *Liteky v. United States*, 510 U.S. 540, 548 (1994); *Hook v. McDade*, 89 F.3d 350, 354 (7th Cir. 1996). Under section (b), the judge must disqualify himself where "he has a *personal bias or prejudice* concerning a party." § 455(b)(1) (emphasis added). The language in § 455(b)(1), "personal bias or prejudice," mirrors that in § 144, and the court may "view judicial interpretations of 'personal bias or prejudice' under § 144 as equally applicable to § 455(b)(1)." *Balistrieri*, 779 F.2d at 1202. Section (b) also lists several specific circumstances requiring disqualification, but those are not relevant here.

Judicial rulings alone almost never constitute a valid basis for disqualification, under either § 144 or § 455. *Liteky*, 510 U.S. at 550–51, 554 (finding the extrajudicial-source factor applies to §§ 144, 455(a), and 455(b)(1)); *see also United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966) ("The alleged bias and prejudice [in a § 144 motion] to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case."); *Matter of Huntington Commons Assocs.*, 21 F.3d 157, 158 (7th Cir. 1994) (§ 455).

### III. ANALYSIS

Petitioner does not cite any law in support of his motion and affidavit to disqualify, other than the Advisory Committee Notes to Rule 4. The Notes say "[t]here is a procedure by which the movant can have a judge other than the trial judge decide his motion … . He can file an affidavit alleging bias in order to disqualify the trial judge." It is reasonable to assume they are referring, obliquely, to 28 U.S.C. § 144, which requires the moving party to submit an affidavit. In any case, the Court will evaluate petitioner's motion under both

§ 144 and § 455.

Petitioner's motion cannot succeed under § 144. The motion was filed pro se, and consequently, there is no "certificate of counsel of record stating that it is made in good faith." § 144; *see also Sykes*, 7 F.3d at 1339. Because a certificate of counsel is required by the terms of the statute, which must be construed strictly to prevent abuse, courts have held that § 144 is not available to pro se litigants. *See Robinson v. Gregory*, 929 F. Supp. 334, 337–38 (S.D. Ind. 1996); *Cohee v. McDade*, 472 F.Supp.2d 1082, 1083 (S.D. Ill. 2006); *see also United States v. Collins*, 203 Fed. App'x 712, 714 (7th Cir. 2006) (affirming district court's denial of petitioner's § 144 motion where it was untimely and did not include an affidavit or certificate of counsel). The district court explained in *Robinson v. Gregory* that the certificate of counsel is a safeguard against forum-shopping. 929 F. Supp. at 338. The Court agrees that a certificate of counsel is required and that petitioner's motion must be denied under § 144.

Further, under § 144, the movant's factual assertions must show the judge is biased from an extrajudicial source and must be sufficiently definite and particular to convince a reasonable person that the judge holds personal animus or malice toward the movant. Petitioner's arguments do not point to an extrajudicial source of bias. They are mostly based on judicial rulings: alleged errors involving the sister-in-law's age, sentencing, rules of evidence, and the dismissal of petitioner's first § 2255 motion. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. Petitioner's other two grounds for recusal (the judge's comment about the trial counsel and petitioner's complaints of judicial misconduct), would not convince a reasonable person that the judge holds personal animus or malice toward petitioner.

For substantially the same reasons, his motion cannot succeed under § 455 either. Again, judicial rulings are not a sufficient ground for recusal. *See Matter of Huntington Commons Assocs.*, 21 F.3d 157, 158 (7th Cir. 1994). "[T]hey are proper grounds for ap-

7

peal, not for recusal." *Liteky*, 510 U.S. at 555; *accord Grove Fresh Distribs., Inc. v. John Labatt, Ltd.*, 299 F.3d 635, 641 (7th Cir. 2007). Even a perceived *pattern* of rulings against the moving party is not enough to show bias. *Keith v. Barnhart*, 473 F.3d 782, 789 (7th Cir. 2007). As the Supreme Court explained, apart from surrounding comments or accompanying opinion, a court's rulings cannot show reliance on an extrajudicial source and "only in the rarest circumstances" can they "evidence the degree of favoritism or antagonism required … when no extrajudicial source is involved." *Liteky*, 510 U.S. at 555. Petitioner here does not point to any extrajudicial source, and the Court's rulings do not evidence a high degree of favoritism or antagonism.

Petitioner finds evidence of bias in the judge's comment during a hearing that petitioner's trial counsel were performing a credible job representing his interests. Yet, as with judicial rulings, "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky*, 510 U.S. at 555. The comment alleged here does not derive from an extrajudicial source; the judge had observed petitioner's trial counsel during trial. Nor does it reveal such a high degree of favoritism or antagonism as to make fair judgment impossible; the judge merely said counsel were performing a credible job. *See United States v. Diekemper*, 604 F.3d 345, 352 (7th Cir. 2010) (holding judge's statements, including that the defendant was "manipulative, narcissistic, and twisted," reflected facts before the court and were not improper); *Matter of Huntington Commons Assocs.*, 21 F.3d at 158–59 (holding judge's statement that he may have had some "predisposition" in the matter was not remotely sufficient evidence of the required deep-seated and unequivocal antagonism that would render fair judgment impossible); *Hook*, 89 F.3d at 355 (holding judge's comments, that the defendant's motion to disqualify was of-

fensive, that it impugned his integrity, and that the defendant had failed to act as an ethical member of the bar for filing it, did not reflect bias or prejudice gained from outside the courtroom "that would lead a reasonable observer to conclude that [the judge] is incapable of ruling fairly in the case").

Finally, petitioner believes his complaints of misconduct will give the judge motivation to demonstrate bias and prejudice in adverse rulings on his § 2255 motion. But a litigant cannot obtain a judge's recusal by submitting complaints of misconduct against the judge. "Indeed, if that were the rule, litigants displeased with Judge A's adverse rulings could easily manipulate the system by filing a misconduct complaint, thereby disqualifying Judge A from hearing the case, in the hopes that the case would then be assigned to Judge B who might be more sympathetic to their cause." *In re Mann*, 229 F.3d 657, 658 (7th Cir. 2000).

### IV. CONCLUSION

For the reasons above, petitioner's motion to disqualify the undersigned district judge from all § 2255 proceedings (Doc. 2) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: May 9, 2012**

　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ WILLIAM D. STIEHL
　　　　　　　　　　　　　　　　　　　　　　　　　　　　DISTRICT JUDGE